Your Honor, this is the first case of the morning. Call 210-0924. People of the State of Illinois v. Kevin Clairmont. On behalf of the Appalachian State, Mr. Jay Hoffman. On behalf of the Appalachian State, Mr. Donovan Ramsel. Gentlemen, are you both ready to proceed? Yes, Your Honor. Proceed when you're ready. May it please the Court. Counsel. Good morning, Your Honors. I am Jay Hoffman of the State's Attorney's Appellate Prosecutor's Office. It is my pleasure in this case to represent the people of the State of Illinois before this Honorable Court. These consolidated cases, Your Honors, present a one clear and straightforward question which the people assert is equally clear and straightforwardly answered by an application of well-recognized rules of statutory construction. Both defendants were charged with DUI. They both had a test done by breathalyzer. Mr. Clairmont's test was done 61 days after the previous check, accuracy check of the machine in that case. The machine in that case was then checked 71 days after the first check. In Mr. Fernandez's case, it was three days after the initial check that he was tested and then 66 days after the initial check was the second check. The question here has to do with two sections of the Illinois Administrative Code which apply to equipment used in DUI cases, 20-1286-200 and 20-1286-230. The judge, the defendants below claimed and the judge below found that despite the clear language in 20-1286-200 with regard to a rebuttable presumption that section 12-230 also applied and because the instruments had not been rechecked within 62 days that the foundation could not be made and granted the motions to suppress. We know that the prime concern in statutory construction is the intent of generally the legislature, here the Department of State Police who promulgated these administrative rules. If you look at section 200, the people submit that it's quite clear this is the section that applies and it only applies to the question of foundation. Section 230 has no foundational language. Now, neither section, subsection rather, speaks of, has language saying foundation or administrative. So are you suggesting that these provisions are suggestions or a benchmark or bars that have to be raised or lowered depending on what day it is that the tests are given? In other words, if it's 120 days, we raise the bar for 120 days because it seems to fit. Where do you decide what is and what is not appropriate when it doesn't comply with the code? It does comply with the code. You decide by looking at the plain language of the code you're under, which you're suggesting I think takes, is rooted in what defense counsel said at page 11 of his brief, arguing that we suggested that we don't have to prove accuracy and we don't have to prove that it was timely tested. That's not our argument at all. Our argument is that if you look at the plain language of both sections, particularly 200, which deals with foundation and admissibility, you will see that this was timely because it never says anything about a post-test. If you look at it, it says, a rebuttable presumption exists that an instrument was accurate at the particular time a subject test was performed when the following four conditions are met. A is the instrument was approved. That's not an issue here. B is the performance of the instrument was within the accuracy tolerance. That's not an issue here. C, no accuracy test has been performed subsequent to the subject test or the next accuracy check after the subject test was within the accuracy tolerance described of this subpart. I see nowhere where it says, and there was a subsequent accuracy test within 62 days. Then we go down to D. D says, accuracy tests have been done in a timely manner, meaning not more than 62 days have passed since the last accuracy check prior to the subject test. Again, nothing at all about a subsequent check after the test. This clearly establishes that you can have cases where no subsequent check was done and the foundation can be met. And ORF is not, it gives a general account. It says you have to show, it has several, of course, foundational elements, some dealing with how it was applied, 20 minutes, stuff like that, one of which is show that the instrument was regularly tested. Now, regularly tested, we would submit, comes down to these regulations because 11-501-2 says it's the state police that determine what the regulations are. This clearly says that you don't have to do a check afterwards. And besides that, even if one were to say that this language is unclear, you go back and you can see that in 2007, it was amended, that last section that says it's timely if it's been checked within 62 days prior to the subject test. Before the 2007 amendment, it said accuracy checks have been done in a timely manner, meaning, one, not more than 62 days have passed since the last accuracy check prior to the subject test, or two, the period of time between the last accuracy check prior to the next subject test and the accuracy check after the subject test is not more than 62 days. That's what the defendants want to apply. Unfortunately for them, that was specifically taken out. And we know, again, through well-recognized principles of statutory construction, when something is taken out, it means they didn't want it in there and no longer apply it. So basically, our argument is that looking at the plain language and even going into any probing behind the plain language, which I would say is not necessary, but if you do, the only evidence we have is that that section that they want to apply was taken out. It simply no longer applies. So we're not making the argument that it claims we are. So you're saying that prior judge applied a section that doesn't or isn't effective anymore? Oh, I'm not saying it's not effective. What I'm saying, it doesn't have to do with foundation. Yes, they want that section. And let's read that section. 230 says, checking approved evidentiary instruments for continued accuracy. To ensure the continued accuracy of approved evidentiary instruments, a BAT or automated system shall perform accuracy checks. And then it lists these things, including the 62 days. They want it to be checked, but it's not a foundational element. This says nothing about foundation. It says nothing about admissibility. Whereas 200 specifically says a rebuttable presumption exists. It clearly says if we've done this, it's admissible. If the rebuttable presumption doesn't exist, then does the trial court have discretion as it usually does on the admissibility of anything and decides that in this instance, he figures that it's not going to go in? It's a rebuttable presumption. They can come forward and show some tests. They can come forward and say, for instance, well, look, on this 66th day when the test was done, it didn't test out. It was bad. And even though there's this rebuttable presumption, Your Honor, you should look at this and consider that and say, well, no, maybe it wasn't accurate on the day the test was given. You didn't answer my question, which was if the rebuttable presumption doesn't exist. If it doesn't exist, I'm sorry. Hypothetically, it doesn't exist. Then does the trial court have discretion, sui generis in every case, to decide whether or not something is admissible or not? Yes, Your Honor, then I think you would apply ORF. And there are cases that have done that, said, you know, then you apply. ORF just says, again, that it was regularly tested. And if the rebuttable presumption was there, like the situation I used when I misunderstood your question, then the shoe would be on the other foot. Then the people could come in and show evidence, despite there's no rebuttable presumption, but they could set a foundation under ORF. Finally, Your Honors, if you look through the cases, well, another issue that the defendants take with us is claiming that this was a case of first impression. If you look at their cases that they claim apply, none of them hold as they want this court to hold. None of them hold that 230 applies. In not one case is there a situation where an appellate court, the Supreme Court, as far as I know, there was no case where the trial court did it. But there are certainly no cited cases in which a court said, look, this hasn't, 230 hasn't been complied with. It hasn't been tested within 62 days of the, I'm sorry, I wanted to be careful not to use test, except for the B8 for the defendant's test. It hasn't been checked within 62 days of the first check. Not one. Not one. They speak of the, they parrot the ORF language. They speak of 200. One, I think, mentions 230 in passing. But not one case, and some cases say a foundation has been set because there was a check, there was a test, and there was another check. But none of them say that subsequent check was necessary, and we know it's not because 200 says it isn't. In one way, he might be accurate in that it's not totally a new issue. Does 200 say what you just said, it says, by the way, this doesn't apply, or is it just not there? And it's your claim that it doesn't say it because it was redacted at some point? No. In other words, there's no affirmative negative, is there? No, but we don't need that under the well-recognized rules of statutory construction. When someone, when the governing body takes it out, statutory construction teaches us that it no longer applies. It was meant to be taken out. Lastly, again, if you trace, defense counsel cites a lot of cases on foundation issues. Again, none of them hold that the subsequent check is necessary, and he cites a lot of them which cite to the language in Orth. Orth gets that language from an earlier case named Winfield. Winfield gets it from a case called Crawford, a 1974 4th District case. And if you look at Crawford, you will see that they found a foundation was properly set when there was no testimony about a subsequent test. What happened there was an officer testified that the instrument was checked, and this is at the faction on page 401, Crawford's 23-3398. The facts are at 401, and the court's reference to them in its ruling is at 404. The officer testified that the instrument was checked on November 16th. The defendant in that case was tested on December 4th or 5th. There was no testimony about a subsequent check, and the court found that that was sufficient for a foundation. So to the extent that there is case law on this issue, it defeats the defendant's purpose, the very case he cites. If there are no further questions, Your Honor. Section 230 versus 200. 230 says the checks shall be performed at least once every 62 days. And the other says prior. How do we reconcile those? Why shouldn't we reconcile in favor of the defendant? Because section 200 is more specific. Again, section 200. Section 230 says nothing about foundation. But it says a great deal about accuracy, and isn't that really what we're all about? Yes, it is, but 200 says equipment, approval, and accuracy, and speaks of the necessary foundation. It says a rebuttable presumption. Again, you can read them in conjunction, but again, going back to well-recognized rules of statutory construction, we know that the more specific always applies, and this clearly deals with what you can do and what you should do to show foundation. Senator, do you have a question? It's an attempt. Thank you, Senator. Counsel, are you ready to proceed? Good morning, Your Honors, and may it please the Court. Just as Justice Jorgensen pointed out, 1286.200 paragraph 1A, couldn't that be more specific? Checks shall be performed at least once every 62 days. Period. It couldn't be more. It's not subject to statutory interpretation. It's subject to pure application. This is not vague. The rules of statutory construction apply to administrative regulations the same as they would apply to law. There really is no need to go any further than that. When the state has to lay a foundation for a breath test, they need to show compliance with all the rules, not 9 out of 10, not 8 out of 10, not one versus another. These aren't choose the rules that you prefer. The rules have to be read in harmony with each other. Let me offer a perspective on these rules that is where both are read in harmony with each other versus the state's argument. Now, the state first sets up an argument that 1286.200, where as long as there's been a previous accuracy check less than 62 days prior to the subject test, there's no need to even have a rule that says it shall be performed at least once every 62 days because according to their interpretation, the 62-day requirement is rendered a nullity. In fact, their interpretation would mean there should never, there never needs to be a subsequent accuracy check. Their interpretation is that 1286.200 applies and renders 1286.231A a nullity as if it doesn't exist rather than read them in harmony. And my understanding of what you're saying is that if they're a small department that doesn't have too many DUI cases, that a machine under their interpretation may not be tested for six months. And so long as the interim between the six-month test, there are no people that are arrested, that's fine. As long as they're arrested after the test after six months, everything's fine. If that's the interpretation that, well, I apologize, I sort of have some problems with the hypothetical and I know I'm not supposed to dispute those, but if you look at the rules, there's an automated accuracy check system in place, frankly. That's a timer. They don't even need to have anybody come out anymore. It's a timer like you make your coffee go, make a pot of coffee at 7 a.m. in the morning. You don't even need to have a human being there anymore. So it really doesn't matter how small or big the department is, the machine has its own built-in timers now to do these things. Does this thing work every 62 days? If you want me to go dehor the record, I certainly could. No, don't worry about it. Sometimes people don't set their timers well and I don't know, the power goes out. My landscaping lighting is still three hours off from the power outing two weeks ago. I just haven't gotten around to fixing it yet, but that's another matter. 1286.200, that section, to the extent it does have some application, where it was intended to apply is for hearings that would take place before the 62 days have even run. Like a summary suspension, it's kind of a gap measure. If you were to, for example, we all know that summary suspensions begin on the 46th day and frequently the first court date is going to be within, at least DuPage has an administrative rule, 26 to 42 days since the date of arrest. So it's quite obvious. A person gets arrested, they're in court on the first court date, it's day 26 after their arrest, 62 days haven't passed yet, the machine hasn't been retested, and the previous regulation, which the, which counsel, under counsel cites, would suggest if it hasn't yet been retested, it would be grounds for rescission. 1286.200 was to clarify that. Wait a minute, if you're in court on a summary suspension hearing and the requirement, the 62 days since the last accuracy check hasn't passed yet, during that 62 day gap measure, how's the court going to deal with that? And during that 62 day, earlier than 62 day gap, how does the court deal with the fact that it hasn't yet been recertified? Because it didn't need to. It didn't need to. So the courts, the state police wanted clarification to tell the judge, if the 62 days hasn't passed yet because we're having a very rapid hearing, this is, we apply 200. But if more than 62 days has passed, we then have the violation of 230, which is the absolute end point, 62 days between accuracy check points. You're saying the times that haven't arisen or arrived are not pertinent to any proceedings. But the dates or times that have passed or have arrived are. Yes. So 200 is really intended for these hearings that might take place within 62 days since the last accuracy check to direct the court as to how to apply it when we don't have the opportunity for before and after yet. That's all that was intended. Maybe it's poorly drafted, but it was clearly for nothing less than that. Equally true if you want to use, so that's how you would put these two in harmony. All right. 200 is a gap measure and 230 is the absolute drop dead point in the 60, in how many days they're going to allow to pass. And if you wanted to draw reference, we all know that if you're using rules of statutory construction, the persons who draft the law, or in this case the rule, are understood to know what the previous body of case law would be. And we all know going back from 36 years that there's been a body of law that there's a requirement for a before and after certification. It used to be 30 days apart, then it became 45 days apart, now it's 62 days apart. Okay. But, and that is what it is. It's 62 days. So what's your response to Mr. Hoffman's argument about the Fourth District case? I think he called it the Rothberger, and how would it allow the admission of the evidence? Well, if he's referring to that Rigsby case, which is for lack of a better Latin term, which is Goofy, in reality, all their discussion about it… I think it's called Goofus. Goofus. All their discussion about it was in fact dicta, because the reality was the defense attorney had forfeited the arguments, and that's really what the case held. Everything else seemed a broad general discussion. If I recall accurately, even the dissent thought that the dicta, the interpretation in the dicta, non-binding, that has nothing to do actually with the upholding of the case, was erroneous anyways, where that same argument was, as long as the person's subject test was within 62 days, if the machine was never tested again, somehow it was okay. But if somebody bothered to get around to it, and they found out it was actually inaccurate, or then they retested it, now it's outside 62 days, then it's a violation, well, let's just say that case should just stand on its own facts. Well, what happens, hypothetically, if there is no rebuttable presumption? Or put another way, there's no presumption. Does the trial court then have the right to exercise discretion, or is it because the presumption is not there, and every proponent of evidence that they wish to submit must lay a foundation. Does that then mean that because the presumption doesn't exist, there has to be a foundation, either through expert testimony, or some sort of precursor that places the test results into evidence, and then is the trial court supposed to exercise its discretion? I'm going to say that's a two-part question. First, I'm not a fan of the Illinois State Police telling the judges to assert a rebuttable presumption. I question aloud whether their statutory authority authorizes them to tell the court how to place weight on their own regulations. But, okay, so I don't really... They could have said it was an irrebuttable presumption. They could say, you know, the rules are the rules. The rules govern admissibility, that's what they're allowed to do. They don't even need to use the word presumption or rebuttable or otherwise. The rules are the rules. It does direct the court for admissibility. Whether that phrase exists or doesn't exist, to me, it has no meaning, no value. If those are the four rules, it's admissible. And according to the enacting legislation, 11-5-1.2, that's the validity, it deems the validity. Well, the test indicated, you know, a legal limit, but there was also testimony that somebody was consuming albuterol or some other alcohol-based radical chemical. Would then the admissibility be in question? Yes, because the court is always the gatekeeper of evidence and they have the absolute authority to prevent a miscarriage of justice or an unscientific and invalid result from coming in, even if it complies with every regulation. My point is, is that would evidence of albuterol consumption shortly after the transaction, would that rebut the presumption that the test was accurate? Yes, if it was fully explained, it would, because it would corrupt the result and the court would not authorize a test that, I mean, every scientific test, the court has the opportunity to review the science underlying it. Essentially, that's what the point of the 62-day accuracy checks are, before and after. You need the bookend to create a presumption of accuracy between those two bookmarks. That's the whole point of it. There's a reason why signals drift, things fall out of accuracy. That's based upon the premise that things change. And everything changes in life. But nothing is static. That's true. And this is no different than that. I don't know if I can cite to a particular person's law, Newton or otherwise, but science does require in this field, and I wish I could give you a citation for it, that a before and after is what's necessary to create a presumption of reliability or accuracy or margin of uncertainty, if you will, a degree of uncertainty, whatever it is, between those two events. We assume that there's a straight line, that the drifting of accuracy, we assume, for the most part, absent intervening events, is linear. Do we assume, then, that your scenario, that the 200 talks, it really applies for summary suspension hearings? In essence, or a trial that somebody got on the first court date, before 62 days had a chance to pass. No deadline was breached by the rule because 62 days had not yet passed. How do you deal with that? The previous attempt to deal with that issue was poorly written because it still said no more than 62 days had passed between the previous accuracy check and the next accuracy check, but it implied there was a next accuracy check. The previous version of the same rule was so poorly drafted that a judge could still say it implies there would be a next one, and since there hasn't, defendant wins. They needed to rephrase that somehow, and so they chose this language. It still may be poorly drafted, but its intent was clear. When they say the last accuracy check, all right, if it just said accuracy checks had been done in a timely manner, meaning not more than 62 days had passed since the last accuracy check period, which last accuracy check are we talking about? The one before trial? The one before the... So they put the phrase prior to the subject test. It was an attempt to describe which last accuracy check they were trying to describe. It wasn't to overrule, trunk, or somehow render nullity every 62 days somebody's got a check, and if 62 days passes, it by itself, standing alone, is its own violation. Are you suggesting that if between the time of the arrest and the time of the trial might be eight months, that there could theoretically be six or four test dates, and they were attempting to point out which test date was the perfect one  there could be intervening test dates? Correct. So when they said last accuracy check, that's sort of by itself, well, which one is the last one? The last one before trial or the last one prior to the subject test? If they wanted it to be as the state suggests, it would have been quite easy. They would have just said no more than 62 days, or the subject test was within 62 days of the last accuracy check. It would have been so easy to write it that way if that's what they intended. And then it would have been game over, if you will. And they would have taken out this other every 62 days. A violation of, I really would like the state to explain how they haven't violated 1286.230A, 1A in this case. It has been violated. There's no dispute. Checks were not performed at least once every 62 days. That's enough. Thank you very much. Thank you very much. Do you wish to reply? Mr. Hoffman, could we just clarify? I thought you said Crawford was the 4th District case. Yes, it is. It's a 1974 4th District case which began the foundational elements which Orth takes. Orth goes through a case, I think it's Winfield, something like that with a W. That case goes to Crawford.  I'm talking about Wigsby and Crawford. I don't know what case he was talking about. But please, again, if you look at... I just wanted to clarify for purposes of the record that is being made so that when the oral argument is being reviewed later on, I can be assured that you two are talking about two different cases and not the same case. Yes, Wigsby is cited in both the briefs. But the case I'm speaking of, I believe it's on page 13 of his brief, it's People v. Crawford, C-R-A-W-F-O-R-D, 23-E-L-F-3, 398. Again, the facts are at 401. The court's ruling on this issue is 404. Thank you. And that was one of the things I wanted to get to. And while I'm talking about that, as far as I can see from the review of the cases, counsel is absolutely wrong. I don't see any case law that says you must have it before and after. As I said, there are some cases that say in this instance we had a check before and a check after. None of the cases say if there had not been a check after, it would be no foundation, none. And then there's Crawford, which implies that you don't need that. I'll get to the last thing he said now. He speaks of the amendments to 200. And he seems to think that there used to be some confusion before they took out the second part about the part that's in there now that remains. And there's none. In 2006, when D had one and two, number one is phrased the same way it's phrased now. Not more than 62 days have passed since the last accuracy check prior to the subject test. There's no question about what check you're talking about. None. It's right there. And then it said, or the period of time between the last accuracy check prior to the next subject test and the accuracy check after the subject test is not more than 62 days. Again, cleared, and it's taken out. So if I understand your argument correctly, that's all that's needed for admissibility. And if there's a subsequent test, as there was in this case, and it showed that the machine was off by a factor of two, that would have no effect on the reliability of the test results of either defendant's breaths. It would still go in, despite the fact that the second test indicated that there was something wrong with the machine. No, I think I gave that hypothetical before and I misunderstood your question, Your Honor. What would happen then is, because this is a rebuttable presumption, and just as an aside, we shouldn't really care whether counsel likes the rule or doesn't like the rule. If he thinks the rule is somehow unconstitutional or bad, he should challenge the rule. He hasn't done that. But what would happen there is, it's a rebuttable presumption. As I said before, someone would come in and say, look, there's a test afterwards. That's bad. And indeed, that's allowed for in the rule. Because the rule says, no accuracy check has been performed subsequent to the subject test, no accuracy check, or the next accuracy check after the subject test was within the accuracy tolerance described in this subpart. So actually, in that situation, as I understand you describing, Your Honor, there wouldn't be a rebuttable presumption. If they came in and said, hey, look, the next test, it showed it was bad. Am I correct in thinking that substantial compliance was not an issue raised before the trial court? Yes, I believe that's correct. And you didn't raise it on appeal either, correct? No, our argument was that 200 is the foundational subsection, and 230 is an informational or guidance subsection to the people concerned. They're doing the test. There's no doubt that they want the test done within 62 days. However, read in conjunction, the foundational section, 200, clearly says that for foundation purposes, that's not necessary. Well, if that's true, why isn't the rebuttable presumption that the test was not performed every 62 days? Why isn't that in and of itself sufficient to rebut the presumption that you portray in 200? Well, Your Honor, remember the procedure that we're at here. Right. If he wants to come in and say at trial, look, Your Honor. It's a motion in limine. That's the whole point of a motion in limine. But that's my point, Your Honor. There's a rebuttable presumption. All we need to do to get this presumption is to lay out the elements in 200. Right. And you get that, right? And then the very next thing that the defense says, but let's look at this other section. That's what I'm promoting here to rebut the presumption. That it's another section which says to ensure accuracy, the continued accuracy of the equipment, it must be tested not less than 62 days. So I'm raising that to rebut the presumption that it otherwise would come in. I would say that that would be taken out by the language I just cited where they didn't mention the after. These situations are necessary. Right, and that creates a rebuttable presumption of admissibility. I understand. And my question is, hit the language now that got you the rebuttable presumption. Why isn't the other section sufficient to rebut that presumption when the facts clearly show it was not tested at least every 62 days? Again, I know you're not satisfied with the answer, but what I would say is because... the other section indicates that that's not necessary. And not only that part, but if you look at the final one where they speak of timing, they speak of the timeliness and it says not more than 62 days have passed since the prior one. And I think to go back to a hypothetical Justice McLaren asked of counsel regarding  for a long time and then it was tested and a test was, I'm sorry, for a long time and then a test was done after that, after it had been checked for the first time in six months, that would be permissible, Your Honor. I mean, I can see a situation where you might have two breath alcohol instruments. You don't check the one because you don't use it. And then you find out that in a check of the one you use, you find out that it's not working properly. So you can't test anybody for B. You can't test anyone and as long as that one checks out okay, 200 tells us that it's sufficient because what are we looking for? We're looking for the accuracy and if it checks out okay, who cares if it wasn't checked for a year? Well, I was, I won't say I was forced, but I took enough chemistry and physics and math to know what the scientific method is and the scientific method is not reliable and it doesn't establish either the opposite of the theory propounded because typically you never prove a theory actually is correct. What you do is you set up a controlled experiment that attempts to disprove the theory and if you're not successful or put it another way, if it doesn't disprove the theory, then the theory is believed to be still sustainable. If you talk about accuracy with one test, that one test may be accurate, but you also have to consider repeatability and if you do one test and it comes up with a number for the acceleration factor of the expansion of the universe, that's wonderful, but if you don't, if you cannot repeat that experiment and come up with the same constant, then your theory doesn't hold, it's not a scientific method. So what you're arguing and what you're presenting to us is somewhat unscientific to the extent that you're saying that you can have repeatability without repeatability or put it another way, you can have repeatability based upon one test. Well, I'm not saying you can have repeatability, I'm saying you can have accuracy under these rules based upon one test and we test it and it tests out right, we can't use it until we've tested it again or again, or again, you cannot use it. You can use it, but just make sure that you test it again in 62 days or 61 days and then if there is a summary suspension hearing that's within or held before the second day, then you're correct, but if it goes longer then you need to determine whether or not it's reliable because repeatability is essentially the same thing as saying reliability or trustworthiness or corroboration. I'm really pontificating at this, but I just want you to understand you're talking accuracy and there's more than accuracy here, there's reliability and trustworthiness and I think Justice Jorgensen pointed that out I think when she suggested that the 62 days relates to repeatability or reliability. Sorry for interjecting this. Any additional questions? Or comments? No. Any questions? Thank you both very much.